IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| GARY E. WOLFE, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| V. | ) ) Civil Action No.: _____ |
| HAMBLEN COUNTY BOARD OF EDUCATION, | ) ) ) Collective Action |
| Defendant. | ) ) ) |

## COMPLAINT

Plaintiff, Gary E. Wolfe, individually and on behalf of all others similarly-situated (collectively, "Plaintiffs"), by and through their attorney, and for their cause of action against Defendant, HAMBLEN COUNTY BOARD OF EDUCATION ("HCBOE"), would state as follows:

## I. PARTIES

1. Plaintiff is a citizen and resident of Hamblen County, Tennessee. Plaintiff has executed a consent to proceed as a Plaintiff in this case, which consent is filed herewith as **Exhibit A**.

2. Hamblen County Department of Education is governed by HCBOE, the public school district for Hamblen County, Tennessee, having its Central Office at 210 East Morris Boulevard, Morristown, Tennessee 37813. HCBOE operates several schools within the district, including Union Heights Elementary School, the school where the Plaintiff was employed. Service of process may be made on the Board with Hamblen County Department of Education's Director of Schools, Dr. Jeff Perry, at its Central Office.

3. The Plaintiff reserves the right to amend this Complaint, with leave of the court, if necessary to name and/or substitute as defendant(s) any other legal entities which may later be discovered to be responsible for the wrongful conduct alleged herein.

## II. NATURE OF THE ACTION

4. Plaintiff brings this action against the Defendant for legal relief to redress unlawful violations of Plaintiff's rights under the Fair labor Standards Act of 1938 ("FLSA" or "the Act"), 29 U.S.C. § 201 *et seq.*, and to remedy violations of the wage provisions of the Act which have deprived Plaintiff, as well as others similarly situated, of their lawful wages.

5. Plaintiff also brings this action for legal relief to redress the unlawful termination of his employment for complaining to Defendant and/or their agents or employees about their failure to pay wages, including overtime to him and others in violation of § 215(a)(3) of the FLSA as well as their retaliation for failing to re-hire the Plaintiff into additional custodial positions for which he was qualified following his complaint under the FLSA.

## III. JURISDICTION

6. The matter in controversy involves questions of federal law, giving the Court original jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331 and 29 U.S.C. § 216.

7. The Plaintiff was employed with the Defendant in Hamblen County, Tennessee. Venue is therefore proper with this Court.

## IV. FACTUAL BACKGROUND

8. Upon information and belief, the Defendant was the "employer" of the Plaintiff and all others similarly situated within the meaning of 29 U.S.C. § 203.

9. Upon information and belief, the Defendant was an employers, persons, and

enterprises engaged in commerce within the meaning of the FLSA and subject to its provisions.

10. At all times material hereto, Plaintiff and others similarly situated were "employees" within the meaning of the FLSA and was protected by its provisions.

11. Plaintiff was employed as a custodian by the Defendant from on or about May 16, 2005, to June 30, 2017.

12. As a custodian, the Plaintiff and others similarly situated were "non-exempt" employees for purposes of the FLSA and were not properly compensated for all hours worked including overtime compensation.

13. The Plaintiff and others similarly situated worked pursuant to a written contract up until 2012 providing for custodians to work 261 days for a set yearly salary. However, the contracts did not contain an hourly rate or the number of hours that were expected of the Plaintiff or the other similarly situated individuals.

14. The Plaintiff and others similarly situated were required to be on premises for 9.5 hours each day for 180 of those days when school was in session and 8.5 hours each day for 81 days when it was not in session. This time included a 30 minute lunch break each day which was frequently interrupted due to spills and cleanups. If this occurred during a custodian's lunch break, he or she was expected to deal with the situation and forego their lunch break. Furthermore, the Plaintiff and others similarly situated had to remain on call for any alarms at their respective schools.

15. The Defendants did not keep time proper time records for the Plaintiff or other similarly situated employees in violation of the 29 C.F.R. § 516 of the FLSA.

## V. CAUSES OF ACTION

### COUNT I

## VIOLATION OF THE FLSA – OVERTIME WAGES AND RECORD KEEPING

16. The Defendant intentionally and repeatedly engaged in the practice of failing to pay the Plaintiff and other similarly situated non-exempt custodians their correct overtime wages in violation of Section 7 of the FLSA.

17. As a direct and proximate result of the Defendant's actions as alleged herein, the Plaintiff and others similarly situated have suffered loss of wages and seek compensatory damages in an amount according to proof including unpaid overtime wages as well as Social Security and Medicare contributions.

18. The Plaintiff and others similarly situated are entitled to and seek liquidated damages pursuant to 29 U.S.C. § 216(b), as well as a three (3) year statute of limitations period.

19. Furthermore, the Plaintiff and others similarly situated are entitled to and seek reasonable attorneys' fees, witness fees, interest, and costs under applicable law including the FLSA.

20. The Defendants have failed to keep accurate payroll and time records as required by the FLSA. Accordingly, Plaintiff and all others similarly situated should be allowed to establish their back overtime hours by their own records and testimony.

21. The Defendants employ or have employed several employees as a "custodian" over the last three (3) years and have failed to properly compensate them for overtime hours worked in excess of forty (40) hours per week.

22. This collective action is being brought against Defendant on behalf of Plaintiff as well as others similarly situated holding the position of "custodian" who may elect to join the action pursuant to 29 U.S.C. § 216.

23. There are questions of law and fact common to the Plaintiff and all others similarly

situated, including but not limited to:

a. Whether the Defendans failed to pay the Plaintiff and all other similarly situated employees holding the position of "custodian" for overtime wages for which they were entitled to under the FLSA at a rate not less than one and a half (1½) times their regular rate of pay.

b. Whether the Defendants acted willfully and with the intent to deprive the Plaintiff and all other similarly situated employees holding the position of "custodian" of overtime wages due to them.

24. Plaintiff's claims alleged herein are the same as or typical of all other similarly situated employees holding the position of "custodian" with the Defendant.

25. Defendant's anticipated defenses, if any, to Plaintiff's claims are the same as or typical of others similarly situated.

26. Plaintiff and others similarly situated employees holding the position of "custodian" have been wronged as alleged herein, seek redress for those wrongs, and want Defendant to be stopped from committing the same or similar wrongs upon others.

27. Given the fact that the statute of limitations continues to run for all others similarly situated, the Plaintiff request that the Court allow Plaintiff expedited discovery and notice to such others of their opt-in rights under the FLSA.

## COUNT II

### VIOLATION OF THE FLSA- RETALIATION AGAINST GARY E. WOLFE

28. On or about December 1, 2016, the principal of Union Heights Elementary School, Mr. Chuck Carter, told the Plaintiff and his co-worker that they were going to have to start clocking in and clocking out. The Plaintiff replied that he would be glad to do so that he could start getting paid for his overtime work.

29. Shortly thereafter, Mr. Carter called the Plaintiff and his co-worker into his office and tried to explain to them that they were, in fact, being paid overtime pay.

30. Despite this explanation, the Plaintiff moved forward with filing a complaint with the U.S. Department of Labor regarding the overtime worked as well as the "on call" duties he had related to the school alarms. Mr. Wolfe requested that the U.S. Department of Labor not release his name to the Defendant due to fear of retaliation.

31. On or about December 9, 2016, the U.S. Department of Labor sent a letter acknowledging receipt of his complaint and stated that it intended to conduct an investigation into his complaints against the Defendant under the FLSA.

32. The U.S. Department of Labor assigned an investigator, Mr. William Sosa-Oliver, to investigate the Plaintiff's Complaints.

33. Mr. Sosa-Oliver informed the Plaintiff that the U.S. Department of Labor did find infractions by the Defendant but never provided Plaintiff with the results of the investigation.

34. On or about April 13, 2017, the Plaintiff was approached by Mr. Chuck Carter and informed that the "government" had been called in regarding complaints about pay and the "on call" policy regarding the school alarms. Mr. Carter informed the Plaintiff that Union Heights Elementary School had been targeted in the investigation and that the on call policy would now be changed so that the principal would be the primary contact for any alarm calls. The Plaintiff documented this occurrence in an email to Mr. Sosa-Oliver and informed him that he believed he would be targeted because of his Complaint.

35. On or about May 16, 2017, the Plaintiff was informed in a letter from Dr. Dale Lynch, the Director of Schools at the time that Mr. Carter had not recommended that Plaintiff's employment be renewed for the 2017 – 2018 school year and that his employment would end at

–6–

Case 2:18-cv-00013-HSM-MCLC   Document 1   Filed 01/31/18   Page 6 of 9   PageID #: 6

the end of the 2017 school year. Mr. Carter informed the Plaintiff that he was "going another direction" with the custodian position.

36. Mr. Carter recommend termination for the Plaintiff despite the fact that the Plaintiff had received all "Commendables" or "Satisfactories" on his 2017 evaluation in January 2017.

37. On or about May 17, 2017, the Plaintiff went to the Central Office of the Defendant to speak to Dr. Dale Lynch, the Director of Schools for Defendant. He spoke to Dr. Lynch and informed him that he believed his employment was being terminated due to the fact that he had filed the overtime complaint with the U.S. Department of Labor. He showed Dr. Lynch the acknowledgment letter he received from the U.S. Department of Labor concerning his overtime complaint. Dr. Lynch denied having any knowledge of Plaintiff's Complaint.

38. The Plaintiff proceeded to apply for four (4) open custodian positions with the Defendant for the 2017 – 2018 school year. Despite having excellent evaluations and having performed the job for twelve (12) years, he did not receive any of the four (4) jobs. The other candidates hired were not as qualified as the Plaintiff for these custodian positions.

39. The Defendant terminated the Plaintiff's employment and refused to rehire the Plaintiff in an open custodian position in retaliation for him filing a complaint with the U.S. Department of Labor in violation of Section 15(a)(3) of the FLSA.

40. As a direct and proximate result of the Defendant's actions as alleged herein, the Plaintiff has suffered loss of wages and seek compensatory damages in an amount according to proof as well as Social Security and Medicare contributions.

41. The Plaintiff is also entitled to and seek liquidated damages pursuant to 29 U.S.C. § 216(b) as well as reinstatement or front pay.

42. Furthermore, the Plaintiff is entitled to and seeks reasonable attorneys' fees,

witness fees, interest, and costs under applicable law including the FLSA.

WHEREFORE, the Plaintiff and others similarly situated pray:

A. For the Court to assume jurisdiction of this action and to treat this action as a collective action under 29 U.S.C. § 216, allowing the Plaintiff to proceed on behalf of all other similarly situated persons, including present and former employees of the Defendant, for purposes of the relief sough under the Fair Labor Standards Act;

B. For an Order to allow expedited discovery and notice to be provided to all others similarly situated;

C. For Judgment against the Defendant for the amounts of all unpaid overtime wages and federal withholding contributions, liquidated damages, and other damages according to proof;

D. For pre- and post-judgment interest, reasonable attorneys' fees, witness fees, and costs;

E. For an Order compelling the Defendant to pay all payroll taxes and federal withholding contributions, including social security and medicare, due on such amounts as required by law, including the employee's portion of such contributions;

F. For a permanent injunction enjoining Defendant and their agents, representatives, officers, and employees from engaging in the unlawful practices and acts described herein;

G. For a three (3) year statute of limitations period;

H. For an additional amount to be awarded to Plaintiff, as the representative party, for having performed the duties of party representative;

I. For a lien in the amount of and back overtime wages, liquidated damages, and attorneys' fees pursuant to T.C.A. 66-13-101 *et seq.*; and

J.  For reinstatement of the Plaintiff or, in the alternative, an award of front pay.

K.  For any further appropriate and equitable relief which the Court deems necessary, just, and proper.

Respectfully submitted this 31st day of January, 2018.

                                              s/     Link A. Gibbons
                                              Link A. Gibbons, Esq. (BPR #022799)
                                              link@linkgibbonslaw.com

                                              LAW OFFICE OF LINK A. GIBBONS
                                              P. O. Box 2428
                                              Morristown, Tennessee  37816
                                              (423) 839-0990 (Phone)
                                              (423) 839-1306 (Fax)

                                              ATTORNEY FOR THE PLAINTIFF